**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MICROSOFT CORPORATION,
a Washington corporation,

Plaintiff,

v.

PC ADVENTURES, INC., a Minnesota corporation; and HAROLD CREEK, an individual,

Defendants.

Civil No. 01-842 ADM/AJB

**PROTECTIVE ORDER**

---

The above matter came before the Court on the parties' cross-motions for a protective order. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Any and all documents, things or information produced or otherwise furnished by any of the parties (or on behalf of any party) in informal or other discovery, as well as testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") that the producing party believes in good faith contains trade secret or other confidential information, may be designated "CONFIDENTIAL." Such a designation shall not be made on a wholesale basis but shall be limited to the RECORDS which counsel, in good faith, concludes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. In addition, any CONFIDENTIAL material, which a party in good faith believes should be kept from the

SEP 21 2001
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

parties in this litigation, may be designated "RESTRICTED." The parties to this action, and their counsel, are enjoined from disclosing CONFIDENTIAL or RESTRICTED material to any other person, except in conformance with this Order. CONFIDENTIAL and RESTRICTED material shall be used solely for the purposes of conducting this litigation, and shall not be used for any other purpose.

2. RECORDS designated "CONFIDENTIAL" may not be disclosed to anyone other than: (a) the attorneys working on this action on behalf of any party, including in-house attorneys; (b) all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel; (c) any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation; (d) any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 2(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work; (e) witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and (f) the Court.

3. RECORDS designated "RESTRICTED" may not be disclosed to anyone other than: (a) the attorneys working on this action on behalf of any party, including in-house attorneys; (b) all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, but only to the extent necessary to perform their work in connection with this matter; (c) any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in

preparation of this action for trial, with disclosure only to the extent necessary to perform such work; (d) witnesses who appear for deposition or trial in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and (e) the Court.

4. The persons described in paragraph 2(d) and 3(c) shall have access to CONFIDENTIAL or RESTRICTED material once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed ACKNOWLEDGMENT. A list shall be maintained by counsel for the parties hereto of the names of all persons to whom CONFIDENTIAL or RESTRICTED material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 2 and 3 shall have access to CONFIDENTIAL and RESTRICTED material pursuant to the terms of this Order without signing a copy of the annexed ACKNOWLEDGMENT. Similar but separate lists shall also be maintained with respect to CONFIDENTIAL or RESTRICTED material provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists. The persons receiving CONFIDENTIAL or RESTRICTED material are enjoined from disclosing it to any other person, except in conformance with this Order. This Order does not require the disclosure of experts other than by Local Rule, the Federal Rules of Civil Procedure, and/or Court Order.

5. For purposes of any proceeding relating to performance under, compliance with, or violation of, this Order, the Court shall retain jurisdiction over all persons subject to the terms of this Order, both during and after the pendency of this action.

6. The recipient of CONFIDENTIAL or RESTRICTED material that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

7. Parties shall designate CONFIDENTIAL or RESTRICTED material as follows:

(a) In the case of RECORDS produced pursuant to FED. R. CIV. P. 26 & 34, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "RESTRICTED." In the event that a party inadvertently fails to designate a RECORD as "CONFIDENTIAL" or "RESTRICTED," at the time of production, that party shall have five (5) business days after discovery of such error to so designate the RECORD.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contain CONFIDENTIAL or RESTRICTED material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL or RESTRICTED material the deponent has had access, said

counsel shall designate within twenty-one (21) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or RESTRICTED material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed RESTRICTED material. If no designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or RESTRICTED material.

(c) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or RESTRICTED material, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

8. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "RESTRICTED" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief shall not be requested before fourteen (14)

days after the producing party is served with the required notice. The burden of proving that RECORDS have been properly designated "CONFIDENTIAL" or "RESTRICTED," shall be on the party making such designation.

9. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of RECORDS designated "CONFIDENTIAL" or "RESTRICTED," and any motion papers, memoranda or other documents filed with the Court that quote from, attach or include RECORDS designated "CONFIDENTIAL" or "RESTRICTED," shall be treated in the same manner as the underlying RECORDS.

10. To the extent that any CONFIDENTIAL or RESTRICTED material is filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" (or something similar) and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents. Where CONFIDENTIAL or RESTRICTED material is filed with the Clerk of Court or with the Court, and the filing party fails to place such material under seal, any other party may make arrangements for such material to be placed under seal.

11. In the event that any CONFIDENTIAL or RESTRICTED material is used in any court proceedings in connection with this litigation, it shall not lose its "CONFIDENTIAL" or "RESTRICTED" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Nothing in this Order shall preclude any party to this lawsuit or their attorneys (a) from showing RECORDS designated "CONFIDENTIAL" or "RESTRICTED" to an individual

who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated "CONFIDENTIAL" or "RESTRICTED."

13. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL and RESTRICTED material, and all copies thereof, shall be returned to the producing party or shall be destroyed.

14. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

15. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by FED. R. CIV. P. 26(c). Nor shall any party be precluded from moving the Court for relief from this Order if, in practice, the terms of the Order are inhibiting the efficient conduct of this litigation.

Dated: 9/20/01

Arthur J. Boylan
United States Magistrate Judge

ACKNOWLEDGMENT

I hereby acknowledge that I am being given access to CONFIDENTIAL or RESTRICTED material that is the subject of a Protective Order, dated September ___, 2001, in the case entitled Microsoft Corporation v. PC Adventures, Inc., et al., Civil No. 01-842 (ADM/AJB), pending before the United States District Court for the District of Minnesota. I have carefully read and understand the provisions of the Protective Order and I agree that I shall abide by its terms. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Minnesota for purposes of any proceedings relating to performance under, compliance with, or violation of, the Protective Order.

Printed Name and Address:

______________________________

______________________________

______________________________

______________________________

______________________________
Signature

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

SEP 2 1 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.